UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER. JIMENEZ,

    Petitioner,

    v.

R. VASQUEZ, warden,

    Respondent.

    No. C 09-2329 SI (pr)

**ORDER OF DISMISSAL**

    Robert Christopher Jimenez, an inmate at Pelican Bay State Prison, filed a pro se civil rights complaint (i.e., Case No. C 09-2328 SI) and a petition for writ of habeas corpus (i.e., Case No. C 09-2329 SI) on the same day, both of which concerned the allegedly inadequate medical care for his hepatitis C. This order deals with his habeas petition.

    The habeas petition does not attempt to challenge either Jimenez's conviction or the length of his sentence. Success in this action would not result in his release or any change in his sentence. Where, as here, a successful challenge to a prison condition or to action by an outside party will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

1   Although a district court may construe a habeas petition by a prisoner attacking the
2 conditions of his confinement or some other condition that he contends violates his constitutional
3 rights as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404
4 U.S. 249, 251 (1971), the court declines to do so here.  The difficulty with construing a habeas
5 petition as a civil rights complaint is that the two forms used by most prisoners request different
6 information and much of the information necessary for a civil rights complaint is not included
7 in the habeas petition filed here.  Examples of the potential problems created by using the habeas
8 petition form rather than the civil rights complaint form include the potential omission of
9 intended defendants, potential failure to link each defendant to the claims, and potential absence
10 of an adequate prayer for relief.  Additionally, there is doubt whether the prisoner is willing to
11 pay the civil action filing fee of $350.00 rather than the $5.00 habeas filing fee to pursue his
12 claims.  The habeas versus civil rights distinction is not just a matter of using different pleading
13 forms.  A habeas action differs in many ways from a civil rights action:  (1) a habeas petitioner
14 has no right to a jury trial on his claims, (2) the court may be able to make credibility
15 determinations based on the written submissions of the parties in a habeas action, (3) state court
16 (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the
17 proper respondent in a habeas action is the warden in charge of the prison, but he or she might
18 not be able to provide the desired relief when the prisoner is complaining about a condition of
19 confinement or an event unrelated to the prison, and (5) damages cannot be awarded in a habeas
20 action.  While a prisoner may think he has found a loophole that allows him to save $345.00 –
21 by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action
22 – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be
23 charged the $350.00 filing fee.  It is not in the interest of judicial economy to allow prisoners to
24 file civil rights actions on habeas forms because virtually every such case, including this one,
25 will be defective at the outset and require additional court resources to deal with the problems
26 created by the different filing fees and the absence of information on the habeas form.
27   For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without
28 prejudice to petitioner pursuing his claims in a civil rights action under 42 U.S.C. § 1983.

2

Because Jimenez already filed a civil rights action (i.e., Case No. C 09-2328 SI) asserting some claims concerning the treatment of his hepatitis C, he should file an amended complaint in that action no later than **November 6, 2009** to assert any additional claim that he alleged in his habeas petition now being dismissed.  In light of the dismissal of this action, Jimenez's motion for appointment of counsel is DENIED as moot. (Docket # 3.)   His in forma pauperis application is GRANTED.  (Docket # 5.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: October 5, 2009

_____
SUSAN ILLSTON
United States District Judge